# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | |
|---|---|
| KAREN S. MOORE and ANA P. MCGEE, | CIVIL COMPLAINT |
| Plaintiffs, | |
| v. | CASE NO. 3:20-cv-00209 |
| FINANCIAL CORPORATION OF AMERICA, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW comes KAREN S. MOORE ("Ms. Moore") and ANA P. MCGEE ("Ms. McGee") (collectively, "Plaintiffs"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of FINANCIAL CORPORATION OF AMERICA ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Ms. Moore brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.*, for Defendant's unlawful conduct.

2. Ms. McGee also brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

1

3.  This action arises under and is brought pursuant to the FDCPA and TCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

4.  Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Texas and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Texas.

## PARTIES

5.  Ms. Moore is a consumer over 18 years-of-age and a "person," as defined by 47 U.S.C. §153(39).

6.  Ms. McGee is a consumer over 18 years-of-age and a "person," as defined by 47 U.S.C. §153(39). Ms. McGee is Ms. Moore's daughter-in-law.

7.  Defendant promotes that since 1998 it "has offered professional debt collection and receivables management services to help organizations of all types improve operations and enhance their bottom line."[1] Defendant is organized under the laws of the State of Texas and is registered at 211 E. 7th Street, Suite 620, Austin, Texas 78701. Defendant regularly collects from consumers located in the State of Texas.

8.  Defendant is a "person" as defined by 47 U.S.C. §153(39).

9.  Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

---

[1] http://www.fcoa.com/

10. Joinder of Plaintiffs' claims against Defendant is proper under Fed. R. Civ. P. 20(a)(1)  as the claims arise out of the same transaction, occurrence, or series of transactions or occurrences and common questions of law or fact will arise.

**FACTS SUPPORTING CAUSES OF ACTION**

11. The instant action stems from Defendant's attempts to collect upon defaulted medical bills ("subject debt") from Plaintiffs. The subject debt was incurred for personal medical services received by Ms. McGee's son.

12. Around November 2019, Ms. Moore began receiving calls to her cellular phone, (913) XXX-2012, from Defendant.

13. At all times relevant to the instant action, Ms. Moore was the sole subscriber, owner, and operator of the cellular phone ending in -2012.  Ms. Moore is and always has been financially responsible for the cellular phone and its services.

14. Defendant has primarily used the phone number (800) 880-8282 when placing collection calls to Ms. Moore's cellular phone, but upon belief, Defendant has used other phone numbers as well.

15. Upon information and belief, the above referenced phone number ending in -8282 is regularly utilized by Defendant during its debt collection activity.

16. Upon answering phone calls from Defendant, Ms. Moore has experienced a significant pause, lasting several seconds in length, before being connected with a live representative.

17. Moreover, Defendant has also used pre-recorded messages when placing calls to Ms. Moore's cellular phone.

18. Ms. Moore, through her contacts with Defendant, was informed that Defendant was acting as a debt collector attempting to collect upon the subject debt.

19. Defendant's harassing debt collection campaign caused Ms. Moore to answer its calls and demand that Defendant cease calling her cellular phone.

20. Despite Ms. Moore's demands, Defendant continued to place phone calls to Ms. Moore's cellular phone seeking collection of the subject debt up until the filing of the instant action.

21. Ms. Moore has received not less than 20 phone calls from Defendant since asking it to stop calling.

22. On or around December 27, 2019 Defendant mailed or caused to be mailed a collection letter to Ms. McGee in an attempt to collect upon the subject debt.

23. In the collection letter, Defendant stated that the total balance due for the subject debt was $2,148.52.

24. Moreover, in the collection letter, Defendant tendered a proposed settlement offer to resolve the subject debt by offering a "30% discount on the balance due."

25. Defendant went on to represent that the settlement amount would be $1,504.05.

26. Consequently, Defendant's settlement offer purported to result in debt forgiveness totaling $644.60.

27. Moreover, Defendant placed urgency on the proposed settlement offer by representing it would expire after January 27, 2020.

28. Through its structure and contents, Defendant's collection letter is designed to coerce Ms. McGee into promptly making payment.

29. The Internal Revenue Service requires a creditor to file a 1099C form if it has forgiven at least $600.00 in principal. 26 C.F.R. § 1.6050P-1(a) & (d)(2)–(3); 26 U.S.C. § 6050P.

30.  As outlined above, Defendant's settlement offer proposed to offer debt forgiveness of over $600.00.

31.  As a sophisticated debt collector, Defendant is aware that its settlement offer would create a taxable event for Ms. McGee.

32.  Therefore, Defendant's settlement offer is deceptive and misleading as it purported to convey a benefit to Ms. McGee by promising to "settle" Ms. McGee's account if she paid $1,504.05, when Defendant knew that additional monies could be paid by Ms. McGee if she accepted Defendant's settlement offer.

33.  Defendant exerted undue pressure for Ms. McGee to submit a prompt payment, even though Defendant knew or should have known that the benefit to Ms. McGee would be burdened by a tax liability.

34. Defendant exerted undue pressure for Ms. McGee to submit a prompt payment, even though Defendant knew or should have known that the benefit to Ms. McGee would be burdened by a tax liability.

35. Frustrated over Defendant's conduct, Plaintiffs spoke with Sulaiman regarding their rights, resulting in expenses.

36. Plaintiffs have been unfairly and unnecessarily harassed by Defendant's actions.

37. Ms. Moore has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

38. Ms. McGee was subjected to deceptive and misleading conduct by Defendant which materially affected her decision to make payment.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (PLAINTIFFS AGAINST DEFENDANT)

39. Plaintiffs repeat and reallege paragraphs 1 through 38 as though fully set forth herein.

40. Plaintiffs are "consumer[s]" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

41. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

42. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

43. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be due to another for personal, family, or household purposes.

### a.  Violations of FDCPA §1692c(a)(1) and §1692d

44. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

45. Defendant violated §1692c(a)(1), d, and d(5) when it repeatedly called Ms. Moore after being notified to stop.  Defendant called Ms. Moore at least 20 times after she demanded that it stop calling.  This repeated behavior of systematically calling Ms. Moore's phone in spite of her demands was harassing and abusive.  The frequency and volume of calls shows that Defendant willfully ignored Ms. Moore's pleas with the goal of annoying and harassing her.

46. Defendant was notified by Ms. Moore that its calls were not welcomed.  As such, Defendant knew that its conduct was inconvenient and harassing to her.

### b.  Violations of FDCPA § 1692e

47. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

48. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

49. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt from Ms. McGee. Specifically, it was deceptive for Defendant to present its settlement offer as conveying a benefit to Ms. McGee and that no additional funds would be owed when Defendant knew that Ms. McGee could pay additional monies in the form of a tax on the forgiven portion of the subject debt. The deceptive nature of Defendant's settlement offer is highlighted by its demand for prompt payment, which would not allow consumers sufficient time to consider the negative implications of accepting Defendant's settlement offer. Therefore, Defendant's goal was to deceptively induce Ms. McGee into making a payment by falsely purporting that Ms. McGee would only be benefited if she accepted Defendant's settlement offer.

50. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt from Ms. Moore. In spite of the fact that Ms. Moore demanded that it stop contacting her, Defendant continued to contact her via automated calls. Instead of putting an end to this harassing behavior, Defendant systematically placed calls to Ms. Moore's cellular phone in a deceptive attempt to force her to answer its calls and ultimately make a payment. Through its conduct, Defendant misleadingly represented to Ms. Moore that it had the legal ability to contact her via an automated system when it no longer had consent to do so.

c. **Violations of FDCPA § 1692f**

51. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

52. Defendant violated §1692f when it unfairly attempted to collect upon the subject debt from Ms. McGee. Any reasonable fact finder will conclude that Defendant acted unfairly when it knowingly included statements in its December 27, 2019 collection letter that misrepresented Ms. McGee's liability under the subject debt if she accepted Defendant's settlement offer.

53. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Ms. Moore at least 20 times after being notified to stop. Attempting to coerce Ms. Moore into payment by placing voluminous phone calls without her permission is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Ms. Moore.

54. As pled in paragraphs 35 through 38, Plaintiffs have been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiffs, KAREN S. MOORE and ANA P. MCGEE, respectfully requests that this Honorable Court enter judgment in their favor as follows:

    a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

    b.  Awarding Plaintiffs statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

    c.  Awarding Plaintiffs actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

    d.  Awarding Plaintiffs costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

    e.  Enjoining Defendant from further contacting Plaintiffs; and

    f.  Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
(MS. MOORE AGAINST DEFENDANT)

55.   Ms. Moore repeats and realleges paragraphs 1 through 54 as though fully set forth herein.

56.   The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") *or* pre-recorded messages without their consent.  The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

57.   Defendant used an ATDS in connection with its communications directed towards Ms. Moore's cellular phone.  The significant pause, lasting several seconds in length, which Ms. Moore has experienced during answered calls is instructive that an ATDS was being utilized to generate the phone calls. Additionally, Defendant's continued contacts to Ms. Moore after she demanded that the phone calls stop further demonstrates Defendant's use of an ATDS.  Moreover, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

58. Notwithstanding the aforementioned facts, Defendant also used pre-recorded messages when placing collection calls to Ms. Moore's cellular phone.

59.   Defendant violated the TCPA by placing at least 20 phone calls to Plaintiff's cellular phone using an ATDS and pre-recorded messages without her consent. Any consent that Ms. Moore may have given to the originator of the subject debt, which Defendant will likely assert transferred down, was specifically revoked by Plaintiff's demands that it cease contacting her.

60. The calls placed by Defendant to Ms. Moore were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

61.   Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Ms. Moore for at least $500.00 per call.  Moreover, Defendant's willful and knowing violations of the TCPA

should trigger this Honorable Court's ability to triple the damages to which Ms. Moore  is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, KAREN S. MOORE, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Ms. Moore damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Ms. Moore costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Ms. Moore seeking payment of the subject debt; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT III – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT
### (PLAINTIFFS AGAINST DEFENDANT)

62.  Plaintiffs restate and reallege paragraphs 1 through 61 as though fully set forth herein.

63.  Plaintiffs are "consumer[s]" as defined by Tex. Fin. Code Ann. § 392.001(1).

64.  Defendant is a "[t]hird-party debt collector" as defined by Tex. Fin. Code Ann. § 392.001 (7).

65.  The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

### a.  Violations of TDCA § 392.302

66. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously,

or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

67. Defendant violated the TDCA when it continued to call Ms. Moore's cellular phone at least 20 times after she notified it to stop calling. The repeated contacts were made with the hope that Ms. Moore would succumb to the harassing behavior and ultimately submit a payment. Rather than understanding Ms. Moore's situation and abiding by her wishes, Defendant continued in its harassing campaign of phone calls in hopes of extracting payment.

68. Upon being told to stop calling, Defendant had ample reason to be aware that it should not continue its harassing calling campaign. Yet, Defendant consciously chose to continue placing systematic calls to Ms. Moore's cellular phone knowing that its conduct was unwelcome.

### b. Violations of TDCA § 392.304

69. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(19) prohibits a debt collector from "using any . . . false representation or deceptive means to collect a debt or obtain information concerning a consumer."

70. Defendant violated the TDCA by employing false representations and deceptive means to induce Ms. McGee into submitting a payment towards the subject debt. It was deceptive for Defendant to communicate its settlement offer to Ms. McGee as only conveying a benefit to Ms. McGee. As a sophisticated debt collector, Defendant knew that acceptance of its offer would have resulted in a taxable event for Ms. McGee, which Defendant deceptively concealed from Ms. McGee through false representations.

71. Defendant violated the TDCA through the implicit misrepresentations made on phone calls placed to Ms. Moore's cellular phone. Through its conduct, Defendant misleadingly represented to Ms. Moore that it had the lawful ability to continue contacting her cellular phone using an

automated system absent her consent. Such lawful ability was revoked upon Ms. Moore demanding that Defendant stop calling her cellular phone, illustrating the deceptive nature of Defendant's conduct.

WHEREFORE, Plaintiffs, KAREN S. MOORE and ANA P. MCGEE, respectfully requests that this Honorable Court enter judgment in their favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiffs to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

c. Awarding Plaintiffs actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

d. Awarding Plaintiffs punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiffs costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f. Enjoining Defendant from further contacting Plaintiffs; and

g. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: January 27, 2020                              Respectfully submitted,

s/ Nathan C. Volheim                                 s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                     Taxiarchis Hatzidimitriadis, Esq. #6319225
*Counsel for Plaintiff*                              *Counsel for Plaintiff*
Admitted in the Northern District of Texas           Admitted in the Northern District of Texas
Sulaiman Law Group, Ltd.                             Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200                  2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                              Lombard, Illinois 60148
(630) 568-3056 (phone)                               (630) 581-5858 (phone)
(630) 575-8188 (fax)                                 (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                             thatz@sulaimanlaw.com

s/ Eric D. Coleman                                   s/Alejandro E. Figueroa
Eric D. Coleman, Esq. # 6326734                      Alejandro E. Figueroa, Esq. #6323891
*Counsel for Plaintiff*                              *Counsel for Plaintiff*
Admitted in the Northern District of Texas           Admitted in the Northern District of Texas
Sulaiman Law Group, Ltd.                             Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200                  2500 South Highland Ave., Suite 200

Lombard, Illinois 60148
(331) 307-7648 (phone)
(630) 575-8188 (fax)
ecoleman@sulaimanlaw.com

Lombard, Illinois 60148
(630) 575-8181 ext. 120 (phone)
(630) 575-8188 (fax)
alejandrof@sulaimanlaw.com